**Donna JOHNSON, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SEALY COMPONENTS GROUP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 28, 2009.
Decided Oct. 15, 2009.

---

Lester Krasno, Pottsville, for petitioner.

Michael F. Faherty, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and KELLEY, Senior Judge, and QUIGLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Donna Johnson (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a decision by the Workers' Compensation Judge (WCJ) dismissing Claimant's petition to review seeking to set aside an Impairment Rating Evaluation (IRE). We affirm.

Claimant sustained a work-related injury on March 12, 2004, while working for Sealy Components Group (Employer). By decision and order circulated on January 24, 2006, the WCJ granted Claimant's claim petition alleging that she sustained a work-related injury in the nature of pulmonary dysfunction. On June 13, 2006, Employer issued a Notice of Change of Workers' Compensation Disability Status indicating that as of May 31, 2006, Claimant's status changed from total disability to partial disability based on an IRE determination by William Prebola, Jr., M.D., that she has an impairment rating of 15 percent.[1]

On May 31, 2007, Claimant filed a petition to review requesting "that the impairment rating evaluation of May 31, 2006,

---

1. Pursuant to Section 306(a.2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.2, *added*

*by* the Act of June 24, 1996, P.L 350, when an employee has received total disability compensation for a period of 104 weeks, the em-

performed by Dr. William Prebola be set aside as invalid since Dr. Prebola is not qualified to perform a pulmonary evaluation." Employer filed a timely answer. Therein, Employer contended that Claimant's petition to review was explicitly prohibited by Section 306(a.2)(4) of the Act[2] because Claimant first failed to secure a determination that she meets the threshold impairment rating that is equal to or greater than 50 percent. Employer also alleged that Dr. Prebola was qualified to perform the IRE.

A hearing on the petition to review was held before a WCJ on June 27, 2007. Only documentary evidence was submitted into the record at the hearing. Additional documentary evidence was submitted by mail to the WCJ. In the decision and order dismissing Claimant's petition to review, the WCJ stated that the following two issues were presented by the parties: (1) whether Claimant could challenge an IRE

without a determination that she met the threshold impairment rating that is equal to or greater than 50 percent as required by Section 306(a.2)(4) of the Act; and (2) whether the WCJ had the authority to review the sufficiency of an IRE and a Notice of Change in Status.

Without specifically discussing the provisions of Section 306(a.2)(4) of the Act, the WCJ determined that, pursuant to the Bureau of Workers' Compensation (Bureau) regulation found at 34 Pa.Code § 123.105(f), an employee, at any time during the receipt of 500 weeks of partial disability compensation, may appeal the adjustment of benefit status to a WCJ by filing a petition for review. The WCJ found as fact that there is no requirement in the Act or regulations that the physician performing an IRE be board certified in the area of medicine which relates to a claimant's work-related injury.[3] The WCJ determined that Claimant failed to prove

---

ployee shall be required to submit to a medical examination to determine the degree of impairment due to the compensable injury, if any. If a determination of the degree of an employee's impairment results in an impairment rating that is equal to or greater than 50 percent under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" (guidelines), the employee shall be presumed to be totally disabled and shall continue to receive total disability compensation. Section 306(a.2)(2) of the Act, 77 P.S. § 511.2(2). If the determination results in an impairment rating of less than 50 percent impairment under the most recent guidelines, the employee shall then receive partial disability benefits; provided, however, that no reduction shall be made until the employee is given 60 days notice of the modification. *Id.* Unless otherwise adjudicated or agreed to based upon a determination of earning power, the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. Section 306(a.2)(3) of the Act, 77 P.S. § 511.2(3).

**2.** 77 P.S. § 511.2(4). Section 306(a.2)(4) provides as follows:

An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

**3.** *See* Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1), which provides, in relevant part, as follows:

The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

*See also* 34 Pa.Code § 123.103(a), which provides as follows:

that the qualifications of Dr. Prebola to perform the "pulmonary evaluation" had any relevance to the doctor's qualifications to perform the IRE.[4] Finally, the WCJ determined that Dr. Prebola was qualified to perform the IRE of Claimant.

Accordingly, the WCJ dismissed Claimant's petition to review. Claimant appealed and the Board affirmed the WCJ's decision and order. The Board concluded that "[a]lthough Section 306(a.2)(1) requires the physician conducting an IRE to be board certified in a medical specialty, it contains no explicit requirement that the specialty be directly related to the nature of the claimant's work-injury." Such absence directed the Board to conclude that the General Assembly did not intend such a requirement in the Act. Finally, the Board declined to address Claimant's argument that her constitutional rights were violated because her compensation was limited without a hearing on whether Dr. Prebola possessed the required qualifications to conduct an IRE. This appeal followed.[5]

Herein, Claimant first argues that due process considerations mandate that she have an opportunity to be heard before her disability status is changed and her right to disability compensation is limited. Claimant contends that the WCJ was not barred from making a factual determination concerning her disability status and that a hearing on the merits of whether

Dr. Prebola possessed the requisite qualifications should have been held before the WCJ. Claimant contends that Section 306(a.2)(4) of the Act and the accompanying regulations provide that an IRE determination as well as the adjustment to partial disability status may be "appealed" by way of a petition to review, to be heard by a WCJ. Claimant argues that it is this section of the Act and the regulations promulgated thereunder that permitted the judicial review of her petition to review the IRE and that there is nothing in the related regulation found at 34 Pa.Code § 123.105(d) that restricts review of an IRE determination to consideration of rebuttal medical evidence. Claimant argues further that the provisions of the regulations permitting judicial review of an IRE determination is in keeping with constitutional due process considerations to which she is entitled.

Upon review of Section 306(a.2) and the regulations promulgated thereunder, we reject Claimant's contentions that her due process rights were violated. The provisions of Section 306(a.2) of the Act provide an employee with more than one opportunity for seeking review of an IRE determination. We begin with an employee's first opportunity to seek review which is provided in Section 306(a.2)(2) of the Act, 77 P.S. § 511.2(2), and the related regulation found at 34 Pa.Code § 123.105(d).[6] Claim-

---

(a) Physicians performing IREs shall:
   (1) Be licensed in this Commonwealth and certified by an American Board of Medical Specialties-approved board or its osteopathic equivalent.
   (2) Be active in clinical practice at least 20 hours per week.

4. The WCJ found as fact that Dr. Prebola was Board certified in independent medical examinations; Board certified in physical medicine and rehabilitation; Fellow, American Academy of Physical Medicine and Rehabilitation; Fellow, American Academy of Disability Evaluating Physicians; Diplomat, American

Board of Pain Medicine. WCJ Finding of Fact 17.

5. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

6. 34 Pa.Code § 123.105(d)(5). Section 123.105(d) provides as follows:

ant contends that it is this regulation, specifically Section 123.105(d)(5), that permits judicial review of the May 31, 2006, IRE determination.

The regulation found at 34 Pa.Code § 123.105(d) was promulgated pursuant to Section 306(a.2)(2) of the Act. Section 306(a.2)(2) provides that no reduction in the employee's disability status shall be made until 60 days notice of modification is given. The inclusion of a 60 day notice provision in Section 306(a.2)(2) leads to the conclusion that the General Assembly intended to give an employee the right to immediately appeal the reduction of his or her disability status before the reduction became effective. This is in keeping with the tenet that due process prohibits the entry of a judgment unless the parties have been given adequate notice and an opportunity to be heard. *See Sunset Golf Course v. Workmen's Compensation Appeal Board (Department of Public Welfare)*, 141 Pa.Cmwlth. 103, 595 A.2d 213 (1991), *petition for allowance of appeal denied*, 529 Pa. 654, 602 A.2d 863 (1992); *see also Gow v. Department of Education, Professional Standards and Practices Commission*, 763 A.2d 528 (Pa.Cmwlth. 2000), *petition for allowance of appeal denied*, 566 Pa. 651, 781 A.2d 149 (2001) (This Court has consistently recognized that the constitutional guarantees of due process apply equally to proceedings before administrative tribunals. The basic requirements of due process are notice and an opportunity to be heard.).

■ Section 123.105(d)(5) of the regulation is consistent with the notice mandated by Section 306(a.2)(2) of the Act as this regulation provides that in order to adjust the status of the employee's benefits from total to partial, the insurer shall provide notice to the employee, the employee's counsel, if known, and the Department, on Form LIBC–764, "Notice of Change of Workers' Compensation Disability Status," of, *inter alia*, the employee's right to appeal the adjustment of benefit status to a workers' compensation judge by filing a petition for review. 34 Pa.Code § 123.105(d)(5). Accordingly, Section 306(a.2)(2) of the Act and Section 123.105(d)(5) provide an employee with the right to immediately appeal the change in his or her disability status and seek a hearing before a WCJ.

■ In the present case, Claimant was permitted to an immediate appeal pursuant to Section 306(a.2)(2) of the Act and 34 Pa.Code § 123.105(d)(5) when she was first notified by Employer via the June 13, 2006, Notice of Change of Workers' Compensation Disability Status, of the change in her disability status. It is undisputed that Claimant did not file her petition to review the IRE determination until almost a year after she was provided with notice of the change in her disability status; therefore, Claimant waived her immediate

---

(d) If the evaluation results in an impairment rating of less than 50%, the employee shall receive benefits partial in character. To adjust the status of the employee's benefits from total to partial, the insurer shall provide notice to the employee, the employee's counsel, if known, and the Department, on Form LIBC–764, "Notice of Change of Workers' Compensation Disability Status," of the following:

(1) The evaluation has resulted in an impairment rating of less than 50%.

(2) Sixty days from the date of the notice the employee's benefit status shall be adjusted from total to partial.

(3) The adjustment of benefit status does not change the amount of the weekly workers' compensation benefit.

(4) An employee may only receive partial disability benefits for a maximum of 500 weeks.

(5) The employee may appeal the adjustment of benefit status to a workers' compensation judge by filing a Petition for Review with the Department.

appeal rights as provided for in Section 306(a.2)(2) of the Act and 34 Pa.Code § 123.105(d).

Thus, we reject Claimant's contention that her due process rights were violated by the WCJ's decision. A claimant cannot sit on her appeal rights and then claim that she was denied due process.

However, this does not end our inquiry. The Act provides an employee with another opportunity to seek judicial review of the change in his or her disability status if the employee does not take advantage of the foregoing immediate appeal right. As noted herein, Section 306(a.2)(4) of the Act specifically provides that an employee may appeal the change to partial disability at any time during the 500–week period of partial disability; provided that there is a determination that the employee meets the threshold impairment rating that is equal to or greater than 50 percent impairment. 77 P.S. § 511.2(4). The regulation promulgated by the Bureau pursuant to Section 306(a.2)(4) is found at 34 Pa.Code § 123.105(f). Section 123.105(f) provides that "[a]t any time during the receipt of 500 weeks of partial disability compensation, the employee may appeal the adjustment of benefit status to a workers' compensation judge by filing a Petition for Review." 34 Pa.Code § 123.105(f).[7]

As stated previously herein, the WCJ relied solely upon 34 Pa.Code § 123.105(f) in finding that Claimant's petition to review the IRE determination was not prohibited by the Act. In making this finding, the WCJ ignored the clear language of Section 306(a.2)(4) of the Act that requires a determination that an employee meets the threshold impairment rating that is equal to or greater than 50 percent impairment. However, it is clear that the Bureau's regulation at 34 Pa.Code § 123.105(f) is inconsistent with Section 306(a.2)(4) of the Act.

The language of 34 Pa.Code § 123.105(f) is plainly contrary to the express language of the Act in that Section 123.105(f) permits an employee to appeal the adjustment of benefit status to a WCJ at any time during the 500 weeks of partial disability without restriction. On the other hand, Section 306(a.2)(4) of the Act imposes the requirement that there be a determination that the employee meets the threshold impairment rating that is equal to or greater than 50 percent impairment under the most recent guidelines when an employee appeals the adjustment of benefit status at any time during the 500 weeks of partial disability.

The clear intent of this requirement is to permit an employee to show that he or she is once again totally disabled and to set forth the proof necessary to support a change in his or her disability status from partial to total disability prior to the expiration of the 500 week period of partial disability.[8] The language of 34 Pa.Code

---

7. We note that Section 123.105(f) provides that an employee may appeal the adjustment of benefit status to a WCJ at any time during the receipt of 500 weeks of *partial disability compensation* whereas Section 306(a.2)(4) of the Act states that the employee may appeal the change to partial disability at any time during the 500 week period of *partial disability* and does not include the word *compensation*.

8. As this Court recently recognized in *Combine v. Workers' Compensation Appeal Board (National Fuel Gas Distribution Corporation)*,

954 A.2d 776, 781 (Pa.Cmwlth.2008), *petition for allowance of appeal denied*, 600 Pa. 765, 967 A.2d 961 (2009):

We further point out that the Act is remedial in nature and is subject to liberal construction to benefit the injured worker. *Gallie v. Workers' Compensation Appeal Board (Fichtel & Sachs Indus.)*, 580 Pa. 122, 859 A.2d 1286 (2004). Section 306(b)(1) of the Act, 77 P.S. § 512, limits a claimant's receipt of partial disability benefits to 500 weeks. The General Assembly, however, has established no cap on total disability benefits. *Stanek v. Workers' Com-*

§ 123.105(f) is contrary to this intent as it opens the door for an employee to challenge the validity of the initial IRE determination at any time during the 500 week partial disability when Section 306(a.2)(2) of the Act and 34 Pa.Code § 123.105(d) limits that challenge to an immediate appeal. Therefore, the Bureau's regulation at 34 Pa.Code § 123.105(f) is invalid.

It is axiomatic, under Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a), that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *Accord United States Steel Corporation v. Workers' Compensation Appeal Board (Luczki)*, 887 A.2d 817 (Pa.Cmwlth.2005), *petition for allowance of appeal denied*, 587 Pa. 726, 899 A.2d 1125 (2006) (stated generally: where no ambiguities exist within the clear text of the Act, and the unambiguous text makes clear that a sole exception to a clear and express rule exists, no additional exceptions thereto will subsequently be found). Further, we have also consistently adhered to the narrow but well established legal ground that regulations promulgated by an administrative agency pursuant to a statutory directive are invalid if they are contrary to the legislative intent of statutory provisions to which they relate. *See Gardner v. Workers' Compensation Appeal Board (Genesis Health Ventures)*, 814 A.2d 884 (Pa.Cmwlth.2003), aff'd, 585 Pa. 366, 888 A.2d 758 (2005); *Peek v. Department of Aging*, 873 A.2d 43 (Pa.Cmwlth. 2005); *Faix v. Department of Public Welfare*, 92 Pa.Cmwlth. 383, 499 A.2d 411 (1985); *Clough v. Tax Review Board*, 20 Pa.Cmwlth. 464, 342 A.2d 483 (1975).

We note that this is not the first time a court has found inconsistencies between Section 306(a.2) of the Act and the regulations promulgated thereunder. The appellant in *Gardner* asked the Supreme Court to reverse this Court's decision on appeal in deference to the rulemaking authority of the Bureau and the rules it promulgated with regard to Section 306(a.2)(1), specifically, 34 Pa.Code § 123.102. Our Supreme Court stated that it was precluded from deferring to the Bureau's rulemaking authority because it found portions of the pertinent regulation found at 34 Pa.Code § 123.102 to be inconsistent with Section 306(a.2)(1).[9] *Gardner*, 585 Pa. at 381, 888 A.2d at 767. Specifically, the Supreme Court held as follows:

Reviewing Rules 123.102(a) and (f) [10] and the statute under which these provi-

---

*pensation Appeal Board (Greenwich Collieries*, 562 Pa. 411, 423, 756 A.2d 661, n. 9 (2000)). Receipt of an impairment rating of less than fifty percent converts a claimant's disability status from total to partial disability and places a cap on the claimant's benefits.

9. The Supreme Court pointed out that " '[a]lthough an interpretation of a statute by an administrative agency is entitled to great weight, the interpretation may be disregarded if the interpretation is clearly erroneous or inconsistent with the statute under which the regulation is promulgated.' " *Gardner*, 585 Pa. at 381, 888 A.2d at 767 (quoting *Terminato v. Pennsylvania National Insurance Co.*, 538 Pa. 60, 71, 645 A.2d 1287, 1293 (1994)).

10. Sections 123.102(a) and (f), 34 Pa.Code § 123.102(a), (f), govern IRE requests and provide as follows:

(a) During the 60–day period subsequent to the expiration of the employee's receipt of 104 weeks of total disability benefits, the insurer may request the employee's attendance at an IRE. If the evaluation is scheduled to occur during this 60–day time period, the adjustment of the benefit status shall relate back to the expiration of the employee's receipt of 104 weeks of total disability benefits. In all other cases, the adjustment of the disability status shall be effective as of the date of the evaluation or as determined by the evaluating physician.

....

(f) Consistent with section 306(a.2)(6) of the act (77 P.S. § 511.2), the insurer's failure to request the evaluation during the 60–

sions were promulgated, Section [306(a.2)], we find inconsistencies between statute and rule. Whereas in the statute, the General Assembly mandates the insurer to request the employee submit to the IRE for the purposes of obtaining the automatic relief in Section [306(a.2)(2)] within the sixty-day period, Rule 123.102(a), sets no time limits, providing that the "insurer may request the employe's attendance at an IRE." Similarly, Rule 123.102(f), which by its terms could abrogate the statutory mandate in the instance when an insurer seeks to obtain the automatic relief provided in Section [306(a.2)(2)], is inconsistent with Section [306(a.2)(1)]. Consequently, we are not required to defer to the Bureau's interpretive rules.... Rules 123.102(f), however, may be read to support our view that, under Section [306(a.2)(6)] [11] an insurer may request an employee submit to an IRE beyond the sixty-day window; the consequences of such examination however, cannot operate to automatically reduce the claimant's benefits.

*Id.* at 381–382, 888 A.2d at 767.

■ Accordingly, in the present case, the WCJ erred by ignoring the plain language of Section 306(a.2)(4) of the Act and relying upon the regulation found at 34

Pa.Code § 123.105(f) to find that Claimant properly filed her petition to review. Claimant does not dispute that when she filed the petition to review the IRE determination based upon the lack of Dr. Prebola's qualifications to conduct the IRE, she did not produce the determination mandated by Section 306(a.2)(4) of the Act showing that she met the threshold impairment rating that is equal to or greater than 50 percent impairment under the most recent guidelines. As such, Claimant's appeal of the May 31, 2006, IRE determination was prohibited by the plain language of Section 306(a.2)(4) of the Act and the WCJ should have dismissed the petition to review on that basis alone.

In light of our conclusion that Claimant's appeal was prohibited by the plain language of the Act, we will not address Claimant's argument that Dr. Prebola was not qualified to conduct the IRE because he is board certified in physical medicine and rehabilitation and is not a pulmonologist. Accordingly, the Board's order is affirmed.[12]

Senior Judge QUIGLEY concurs in the result only.

### ORDER

AND NOW, this 15th day of October, 2009, the order of the Workers' Compensa-

---

day period subsequent to the expiration of the employee's receipt of 104 weeks of total disability benefits may not result in a waiver of the insurer's right to compel the employee's attendance at an IRE.

11. Section 306(a.2)(6), 77 P.S. § 511.2(6), provides as follows:

(6) Upon request of the insurer, the employe shall submit to an independent medical examination in accordance with the provisions of section 314 to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than two independent medical exami-

nations under this clause during a twelve-month period.

Section 314 of the Act, 77 P.S. § 651(a), sets forth the procedure by which an insurer can secure a physical examination or expert interview and specifies the procedure for compelling a claimant to comply with such a request.

12. It is well settled that this Court may affirm on other grounds where the grounds for affirmance exist. *Karl Smith Development Company v. Borough of Aspinwall*, 125 Pa.Cmwlth. 687, 558 A.2d 181 (1989), *petition for allowance of appeal denied*, 525 Pa. 614, 577 A.2d 545 (1990).

tion Appeal Board in the above-captioned matter is affirmed.