## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phyllis Morrissey,                                  :
               Petitioner         :
                            :   No. 486 C.D. 2019
          v.                  :
                            :   Submitted: November 1, 2019
Workers' Compensation  Appeal      :
Board (Super Fresh Food Markets, Inc.  :
and Broadspire Services, Inc.),        :
               Respondent       :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED:  January 9, 2020

Phyllis Morrissey (Claimant) petitions for review from the April 3, 2019 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a workers' compensation judge (WCJ) dismissing Claimant's Petition to Review Compensation Benefits (Review Petition) as untimely because it was filed more than three years after the date of her last payment of partial disability benefits. For the reasons set forth below, we affirm.

Claimant suffered a lower back strain while working as a cashier for Super Fresh Food Markets, Inc. (Employer) on July 19, 1996. Employer accepted liability for this injury and issued a Notice of Compensation Payable (NCP) on August 26, 1996. An Impairment Rating Determination Face Sheet filed on October 19, 1998 indicates that Andrew Newman, M.D., issued an impairment rating evaluation (IRE) on

September 14, 1998 which found that Claimant suffered a whole body impairment of ten percent.[1]  More than eight years later, on October 11, 2006, Employer issued a Notice of Change of Workers' Compensation Disability Status on Form LIBC-764 (Form LIBC-764) informing Claimant that, based on Dr. Newman's IRE, her disability status had changed from total disability to partial disability beginning on July 21, 1998. (WCJ's Findings of Fact (F.F.) Nos. 1, 2, 3, and 4; Reproduced Record (R.R.) at 39a-43a.)

On February 10, 2014, Claimant filed a Review Petition seeking to amend the NCP to include additional injuries.  (Certified Record (C.R. at 19-20.)  On September 3, 2014, Claimant filed a second Review Petition alleging:  "incorrect description of injury, medical bills unpaid, worsening of condition, injury causing decreased earning [and] violation of the Act, Rules and Regulations."  Under the "Additional Information" part of the Review Petition, Claimant further alleged that, because Form LIBC-764 was not filed until October 11, 2006, the effective date of change in the status of her disability benefits should be October 11, 2006 rather than July 21, 1998 and that she is further entitled to 500 weeks[2] of partial disability benefits as of October 11, 2006.  (R.R. at 28a.)

On December 22, 2015, Claimant testified before the WCJ that her 500 weeks of workers' compensation benefits ended in 2008 and that she has not received

---

[1] This IRE was performed pursuant to former Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, which was repealed by the Legislature by the Act of October 24, 2018, P.L. 714, following this Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), and the Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).

[2] Pursuant to Section 306(b)(1) of the Act, 77 P.S. §512, a claimant is limited to 500 weeks of partial disability benefits.

any benefits since that time. Claimant also stated that, eight years after she stopped receiving benefits, she received Form LIBC-764 regarding her change in disability status. (R.R. at 85a-86a.) Claimant further testified that she was represented by an attorney at the time she received Form LIBC-764 and that she was aware that her benefits would expire 500 weeks following her IRE. (R.R. at 100a-102a.)[3]

The WCJ dismissed Claimant's Review Petition as untimely because it was filed more than three years after her last payment of disability benefits. Claimant appealed, and the Board affirmed.[4]

On appeal to this Court, Claimant argues that both the WCJ and the Board erroneously focused on whether her appeal was filed within three years after her last payment of compensation benefits and committed an error of law by finding that her Review Petition was untimely. Claimant contends that Form LIBC-764 must be filed before the 500-week period of partial disability benefits begins to run. Because Employer did not file Form LIBC-764 until October 11, 2006, and 500 weeks after that date is June 1, 2016, Claimant contends that her Review Petition, filed within that 500 week period on September 3, 2014, is timely.[5]

---

[3] The attorney who filed the Review Petition that is the subject of this appeal began representing Claimant on November 16, 2000. (R.R. at 100a.)

[4] The WCJ also granted a Termination Petition and Petition for Review of Utilization Review Determination filed by Employer and dismissed Claimant's Petition for Review of Utilization Review Determination and the February 10, 2014 Review Petition. However, Claimant's appeal is limited solely to the dismissal of the September 3, 2014 Review Petition, as her April 26, 2019 Petition for Review filed with this Court indicates that "[t]he only petition that forms the subject of this present appeal is [Claimant's Review Petition] regarding the [IRE] … Form LIBC-764 was not filed until October 11, 2006. [Employer] erroneously used the date of July 21, 1998 as the effective date of the disability status change from total to partial instead of the correct date of October 11, 2006 … [Claimant's] [R]eview [P]etition was filed on September 3, 2014. Therefore, the [R]eview [P]etition was timely filed and is not barred by any statute of limitations."

[5] Our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights

Section 413(a) of the Act provides, in relevant part, that:

> A workers' compensation judge . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable . . . upon petition filed by either party with the department . . . Provided, That, except in the case of eye injuries, no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department **within three years after the date of the most recent payment of compensation made prior to the filing of such petition**.

77 P.S. § 772 (emphasis added). The requirement that a claimant be provided with Form LIBC-764 following an IRE is found in Section 123.105(d) of the Pennsylvania Code, which provides that:

> (d) If the evaluation results in an impairment rating of less than 50%, the employee shall receive benefits partial in character. To adjust the status of the employee's benefits from total to partial, the insurer shall provide notice to the employee, the employee's counsel, if known, and the Department, on **Form LIBC-764, ''Notice of Change of Workers' Compensation Disability Status,''** of the following:
>
> (1) The evaluation has resulted in an impairment rating of less than 50%.
>
> (2) Sixty days from the date of the notice the employee's benefit status shall be adjusted from total to partial.
>
> (3) The adjustment of benefit status does not change the amount of the weekly workers' compensation benefit.
>
> (4) An employee may only receive partial disability benefits for a maximum of 500 weeks.

---

have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

4

(5) The employee may appeal the adjustment of benefit status to a workers' compensation judge by filing a Petition for Review with the Department.

34 Pa. Code § 123.105(d) (emphasis added).[6]

Claimant argues that the 500 weeks of partial disability benefits did not begin to run until she received Form LIBC-764 in 2006 and that, because she filed the Review Petition within that 500 weeks, it is timely. Pursuant to Section 413(a) of the Act, a review petition must be filed within three years of the most recent payment of compensation. 77 P.S. § 772. Logically, then, if a claimant can file a review petition within three years of receiving benefits, a claimant could also seek to amend the NCP to include additional injuries by filing a review petition at any time during the actual receipt of those benefits. The problem with Claimant's argument here is that, even if we were to accept her proposition that the 500 weeks of benefits should start in 2006 because of the belated filing of Form LIBC-764, we cannot change the fact that Claimant actually already began **receiving** those benefits and **stopped** receiving those benefits in 2008. However, the Review Petition was not filed until 2014. Pursuant to Section 413(a) of the Act, Claimant would had to have filed her Review Petition alleging that the description of the injury was improper and seeking to change the date being used to calculate the change in her disability status either while she was receiving

---

[6] Section 123.105(d) was promulgated pursuant to former Section 306(a.2)(2) of the Act which, as is noted above, was repealed by the Legislature in 2017 following *Protz II*. In *Protz II*, our Supreme Court found that the Legislature unconstitutionally delegated authority to the American Medical Association (AMA) by allowing the use of the most recent version of the AMA's "Guides to the Evaluation of Permanent Impairment" (Guides to Impairment) for IREs. The Legislature responded to *Protz II* by enacting Section 306(a.3) of the Act, added by Section 1 of the Act of October 24, 2018, P.L. 714, 77 P.S. § 511.3. Section 306(a.3) states that IREs must be based on the 6th Edition of the AMA Guides to Impairment. Section 306(a.3) retained many of the same provisions of former 306(a.2)(2), and nothing in Section 123.105(d) has been found to be unconstitutional or inconsistent with Section 306(a.3) of the Act.

5

benefits or within three years of the last payment of benefits, and she did neither here. Therefore, the September 3, 2014 Review Petition is untimely.

Claimant further posits that the filing of Form LIBC-764 is a condition precedent to modifying benefits or starting the running of the clock on the 500 weeks of benefits and, therefore, her benefits were never properly modified by Employer. However, there is no law, regulation or case that supports this contention. Claimant filed the Review Petition that is the subject of this appeal eight years after receiving Form LIBC-764 and six years after last receiving partial disability benefits. Section 413(a) of the Act is the only controlling statute in this case and it requires that a review petition be filed within three years of the most recent payment of compensation. As Claimant testified that she received her last partial disability payment in 2008, her Review Petition filed in 2014 is clearly untimely. An employer's belated filing of Form LIBC-764 does not serve to extend the time limit for filing a review petition set forth in Section 413(a).

In her brief, Claimant further cites to the humanitarian purposes of the Act to support her position that the 500-week period should not begin to run until Employer filed Form LIBC-764 on October 11, 2006. It is undisputed that Form LIBC-764 was, for some unknown reason, not sent to Claimant until 2006, which is eight years after the IRE was performed. However, whatever harm was caused by this belated filing, it did not affect Claimant's understanding of her rights under the Act. To the contrary, the transcript from the WCJ's December 22, 2015 hearing reveals that Claimant was well aware of her rights:

> [Employer's attorney]: [Your] [c]ounsel asked you about this impairment rating determination face sheet that you remember receiving in 1998; is that correct?
>
> [Claimant]: Yes. I still have that.

6

[Employer's attorney]: Were you represented by an attorney at that time?

[Claimant]: '98? I think I was.

[Employer's attorney]: Did you ever tell your attorney that you received this form in the mail? Do you not recall? . . . . Do you remember if you had an attorney at this time? You said you might have; correct?

[Claimant]: I think I did, yes.

. . . .

[Employer's attorney]: Do you remember your attorney telling you that your benefits would expire 500 weeks following that examination that you had?

[Claimant]: Yes.

[Employer's attorney]: Okay.

[WCJ]: You knew that? You knew you were on a time clock?

[Claimant]: Yeah. The Act 57[7] thing.

[WCJ]: Okay.

[Claimant]: Five hundred (500) week cap.

(R.R. at 100a-102a.) In making her argument, Claimant is asking this Court to entertain a fiction that the 500-week period did not begin to run until 2006 when her own testimony is that, in 1998, she was well aware that her benefits would end in 500 weeks.

Additionally, we find *Johnson v. Workers' Compensation Appeal Board (Sealy Components Group)*, 982 A.2d 1253 (Pa. Cmwlth. 2009), a case interpreting the then-valid Section 306(a.2)(2), to be instructive in the matter *sub judice*. In *Johnson*, the claimant sustained a work injury in 2004 and was notified on June 13, 2006 that her disability status was changing from total to partial based on an IRE as of May 31,

---

[7] Act 57 refers to the 1996 amendments to the Workers' Compensation Act, Act of June 24, 1996, P.L. 350.

7

2006. On May 31, 2007, the claimant filed a review petition seeking to challenge the IRE. A WCJ dismissed the claimant's review petition, and the Board affirmed. In affirming the decision of the Board, this Court stated that:

> In the present case, [the c]laimant was permitted to an immediate appeal pursuant to Section 306(a.2)(2) of the Act and 34 Pa. Code § 123.105(d)(5) when she was first notified by [the e]mployer via the June 13, 2006, Notice of Change of Workers' Compensation Disability Status, of the change in her disability status. **It is undisputed that [the c]laimant did not file her petition to review the IRE determination until almost a year after she was provided with notice of the change in her disability status; therefore, [the c]laimant waived her immediate appeal rights as provided for in Section 306(a.2)(2) of the Act and 34 Pa. Code § 123.105(d).**
>
> Thus, we reject [the c]laimant's contention that her due process rights were violated by the WCJ's decision. **A claimant cannot sit on her appeal rights and then claim that she was denied due process.**

*Id*. at 1257-1258 (emphasis added). In *Johnson*, this Court did not address whether the review petition was timely under Section 413(a) of the Act, but instead found that the review petition challenging the IRE should have been filed within 60 days of receiving Form LIBC-764. Unlike the claimant in *Johnson*, Claimant here filed the Review Petition alleging that the description of the injury was improper and seeking to change the date being used to calculate the change in her disability status, not to attack the IRE. Thus, the time limit set forth in Section 413(a) applies. However, like the claimant in *Johnson*, Claimant here similarly sat on her appeal rights. After receiving Form LIBC-764 in 2006, Claimant did nothing for eight years. Under these circumstances, we fail

8

to see how the humanitarian purposes of the Act would require that we treat the Review Petition as timely filed.

Accordingly, the order of the Board is affirmed.


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phyllis Morrissey,                         :
                  Petitioner     :
                             :     No. 486 C.D. 2019
                 v.                    :
                             :
Workers' Compensation  Appeal        :
Board (Super Fresh Food Markets, Inc.  :
and Broadspire Services, Inc.),        :
                    Respondent     :

## ***ORDER***

AND NOW, this 9th day of January, 2020, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge