# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adrianne Pavlack,     :
      Petitioner  :
          :
    v.      :  No. 702 C.D. 2017
          :  Submitted: March 7, 2018
Workers' Compensation Appeal  :
Board (UPMC South Side),   :
      Respondent :

BEFORE:  **HONORABLE MARY HANNAH LEAVITT,** President Judge
     **HONORABLE RENÉE COHN JUBELIRER,** Judge
     **HONORABLE ROBERT SIMPSON,** Judge
     **HONORABLE P. KEVIN BROBSON,** Judge
     **HONORABLE ANNE E. COVEY,** Judge
     **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
     **HONORABLE ELLEN CEISLER,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**     **FILED: June 6, 2018**

Adrianne Pavlack (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board), affirming a Decision and Order of a Workers' Compensation Judge (WCJ), denying her Petition to Modify Workers' Compensation Benefits and Petition to Review Compensation Benefits. Claimant filed the petitions seeking to have her disability status changed from partial to total disability based upon this Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015)

(*Protz I*), which declared portions of Section 306(a.2) of the Workers' Compensation Act[1] (WC Act) unconstitutional. After the Board issued its Order denying Claimant's petitions, and while her appeal was pending with this Court, the Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), declaring the entirety of Section 306(a.2) unconstitutional. UPMC South Side (Employer) argues neither *Protz* decision entitles Claimant to relief because she never raised the constitutionality of the impairment rating evaluation (IRE) performed in 2007 and therefore the argument is waived. Consistent with our recent decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, __ A.3d __, (Pa. Cmwlth., No. 608 C.D. 2017, filed June 6, 2018) (en banc), we vacate the Board's Order and remand for further proceedings before the WCJ.

The facts of this case are not in dispute. Claimant suffered a work injury described as "right lumbar radiculopathy" on November 4, 1996. (WCJ Decision, Finding of Fact (FOF) ¶ 1.) Employer recognized the injury and issued an Agreement for Compensation on December 3, 1996. On October 8, 2007, Claimant underwent an IRE performed by Anthony N. Ricci, M.D. Dr. Ricci utilized the Fifth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (*Guides*) when performing the IRE. He found Claimant had a whole body impairment rating of 13 percent. Based upon the IRE, Employer filed a modification petition seeking to change Claimant's disability status from total disability to partial disability as of the date of the IRE. Litigation ensued, in which Claimant challenged whether she had reached maximum medical improvement,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2.

which is required prior to an IRE. The WCJ ultimately granted Employer's modification petition. Claimant did not appeal the WCJ's decision.

On November 9, 2015, approximately two months after *Protz I* was decided, Claimant filed her petitions seeking to set aside the IRE as unconstitutional since it was performed using the Fifth Edition of the *Guides*. She sought reinstatement to total disability status effective the date of her petitions. Employer filed timely answers denying the allegations of the petitions.

At a hearing held December 14, 2015, the WCJ accepted into evidence a fee agreement, the IRE face sheet and report, and the WCJ Decision from 2009 granting the change in status. No testimony was presented and the matter was submitted on briefs.

On May 24, 2016, the WCJ issued his Decision denying Claimant's review petition and modification petition. The WCJ concluded that *Protz I* was "not to be applied fully retroactively, and d[id] not govern Claimant's pending petitions." (WCJ Decision, Conclusion of Law (COL) ¶ 4.) The WCJ noted that this Court did not indicate whether *Protz I* should be given retroactive effect and merely remanded the matter to the WCJ for application of the Fourth Edition of the *Guides*, which was the most recent edition of the *Guides* at the time Section 306(a.2) was added. (*Id.*) The WCJ further explained that in *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991), the Supreme Court declared a portion of another statute to be an unconstitutional delegation of legislative authority, but did not give it complete retroactive effect, applying it instead to cases pending on direct appeal. (*Id.*) Based upon *Blackwell*, the WCJ concluded *Protz I* similarly did not apply to Claimant's case. (*Id.* ¶ 5.)

3

The WCJ rejected Claimant's argument that her case was not final because her disability status was subject to further modification or reinstatement. (*Id.* ¶ 6.) The WCJ noted Claimant did not challenge the IRE framework before the original WCJ and therefore waived the argument. (*Id.* (citing *Winchilla v. Workers' Comp. Appeal Bd. (Nexstar Broad.)*, 126 A.3d 364 (Pa. Cmwlth. 2015)).) "Simply because the nature of workers' compensation claims allow for serial litigation of Claimant's disability status does not permit the parties to relitigate issues that either were the subject of the prior litigation, or should have been raised in the earlier litigation," the WCJ wrote. (*Id.*) Because the WCJ found *Protz I* was not to be retroactively applied and the original WCJ decision was now final, the WCJ denied Claimant's petitions.

Claimant filed a timely appeal to the Board, which affirmed in a split 4-3 decision issued May 4, 2017. The majority relied primarily on this Court's decision in *Riley v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 154 A.3d 396 (Pa. Cmwlth. 2016), to conclude that Claimant did not challenge the constitutionality of the IRE within 60 days or present evidence of a new IRE demonstrating an impairment rating of 50 percent or more as required by other subsections of Section 306(a.2). (Board Opinion (Op.) at 3-6.) Accordingly, it affirmed the WCJ's Decision.

The dissenting Board commissioners found *Riley* was distinguishable because in that case the claimant sought to challenge the IRE after the 500 weeks of partial disability whereas Claimant here filed her petitions within the 500-week period. (Board Dissenting Op. at 1.) Therefore, the dissent reasoned that Claimant's case was not final and *Protz I* should have been applied retroactively. (*Id.* at 2.) In addition, it found the criteria for retroactive application of a new rule of law set forth in *Blackwell* – the purpose of the new rule; the extent of reliance on the old rule; and

4

the effect on the administration of justice by retroactive application of the new rule – were satisfied. (*Id.* at 2-3.) The dissent found the purpose of the new rule was to avoid cutting off claimants' benefits based upon an unconstitutional IRE.[2] (*Id*. at 2.) The dissent further found that reliance on the old rule was overstated because "the IRE process is inherently not a final process, and remains an open case for 500 weeks past the time that a claimant's disability status is changed." (*Id.*) Finally, the dissent found that the retroactive application of the new rule would have limited effect if *Protz I* was only applied to cases where the 500-week period of temporary partial disability benefits had not expired. (*Id.* at 3.) Accordingly, the dissent would have applied *Protz I* retroactively, vacated the WCJ's Decision, and remanded the matter to the WCJ for application of the Fourth Edition of the *Guides*. (*Id.* at 5.)

On June 5, 2017, Claimant filed her Petition for Review of the Board's Order with this Court. On appeal,[3] she argues the Board erred in concluding she waived the ability to challenge the IRE on constitutional grounds and by not applying the Supreme Court's decision in *Protz II* retroactively to claimants, such as herself, who are still receiving partial disability benefits following a change in status based upon a now-unconstitutional IRE. Claimant acknowledges she did not challenge the IRE on constitutional grounds in earlier litigation, but nonetheless contends she raised it at the first available opportunity post-*Protz I*, which is consistent with this Court's holding in *Thompson v. Workers' Compensation Appeal Board (Exelon Corporation)*, 168 A.3d 408 (Pa. Cmwlth. 2017). She further argues that any

---

[2] Temporary partial disability benefits are capped at 500 weeks. Section 306(b)(1) of the WC Act, 77 P.S. § 512(1).

[3] This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

reliance on *Riley* is misplaced as *Protz II* has now invalidated the entirety of Section 306(a.2).

Claimant argues in favor of an expansive application of *Protz II*, claiming it should apply to **all** claimants who are receiving partial disability benefits following a change in status based upon an IRE.[4]  She argues applying *Protz II* is not a retroactive application of the new rule of law because Claimant could have sought modification anytime within the 500-week period of temporary partial disability benefits.  She also argues:

> It would be an absurd interpretation of the IRE provisions of the [WC] Act to hold that, during the applicable 500[-] week period, a party could show the claimant's condition had improved or worsened but prevent the claimant from challenging the constitutionality of the provision itself.  It would be equally absurd, to allow the claimant's benefits to end at a future date, based on a provision of the [WC] Act that has been previously held unconstitutional.  By way of further absurdity, a claimant whose disability increased past the 50% threshold would have no legal recourse because Section 306(a.2) has been held unconstitutional.

(Claimant's Brief (Br.) at 15-16.)  Finally, Claimant argues the *Blackwell* factors for retroactivity are met.

Employer responds that Claimant did not challenge the constitutionality of the IRE at any time during the original litigation before the first WCJ and did not appeal that WCJ's decision.  Therefore, pursuant to *Winchilla* and *Riley*, the issue is waived.  Employer argues Claimant could challenge her partial disability status at any time during the 500-week period of temporary partial disability by producing medical evidence of an increase from partial to total disability, but Claimant did not do so.  Employer argues the *Blackwell* factors weigh against retroactive application

---

[4] We decline to make such a sweeping declaration when those are not the facts before us.

6

particularly given the reliance of employers on IREs. If *Protz II* were to be given retroactive effect, Employer maintains there would be "a stampede of claimants seeking restoration of benefits." (Employer's Br. at 12.) Finally, Employer argues that if any retroactive effect is given to *Protz II*, it should only be to those cases where constitutional challenges were previously raised.

Consistent with our recent decision in *Whitfield*, we vacate and remand this matter for further proceedings before the WCJ. In *Whitfield*, we explained that reliance on our decisions issued post-*Protz I* but pre-*Protz II* has been undermined because they relied upon other sections of Section 306(a.2) to establish timeframes within which claimants had to challenge IREs. *Protz II*, however, struck the entirety of Section 306(a.2) from the WC Act; therefore, those timeframes are no longer valid. *Whitfield*, __ A.3d at __, slip op. at 18-19, 27 n.23. Instead, we held that a claimant could seek reinstatement of his or her benefits as long as a petition is filed within three years of the date of the most recent payment of compensation. *Id.* at __, slip op. at 20-21 (citing Section 413(a) of the WC Act, 77 P.S. § 772). Claimant here was still receiving benefits at the time she filed her petitions.

The inquiry does not end there, though. We explained in *Whitfield* that reinstatement of benefits when the change from total to partial disability occurred because of an IRE using the Fifth or subsequent Edition of the *Guides* also requires a claimant to demonstrate ongoing disability. *Id.* at __, slip op. at 24-27. A claimant does not need to produce medical evidence to establish this, as his or her own testimony will suffice. *Id.* at __, slip op. at 25 (citing *Latta v. Workmen's Comp. Appeal Bd. (Latrobe Die Casting Co.)*, 642 A.2d 1083, 1085 (Pa. 1994)). At that point, the burden shifts to the employer to prove the contrary. *Id.* at 26. If no contrary evidence is set forth and the WCJ credits the claimant's testimony,

7

reinstatement is warranted. *Id.* Under such circumstances, reinstatement would occur as of the date the reinstatement and/or modification petition was filed. *Id.* at __, slip op. at 27-28.

In the instant action, the parties did not present any factual evidence; instead they relied exclusively on legal arguments. Therefore, we vacate the Board's Order finding Claimant was not entitled to reinstatement and remand this matter to the Board with direction to further remand to the WCJ who should hold an evidentiary hearing to determine whether Claimant's work-related injury continues.

                                                        _____

                                                      **RENÉE COHN JUBELIRER,** Judge

Judge Covey dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adrianne Pavlack, :
                Petitioner :
  :
        v. : No. 702 C.D. 2017
  :
Workers' Compensation Appeal :
Board (UPMC South Side), :
             Respondent :

## O R D E R

**NOW**, June 6, 2018, the Order of the Workers' Compensation Appeal Board dated May 4, 2017, is **VACATED,** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

                          _____
                          **RENÉE COHN JUBELIRER,** Judge