IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Riley,                                    :
                          Petitioner            :
                                                :
            v.                                  :    No. 238 C.D. 2016
                                                :    SUBMITTED:  September 9, 2016
Workers' Compensation Appeal                    :
Board (Commonwealth of                          :
Pennsylvania),                                  :
                          Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                    FILED:  December 8, 2016


            Susan Riley (Claimant) petitions this Court for review of a Workers'

Compensation Appeal Board (Board) order affirming the decision of a Workers'

Compensation Judge (WCJ) denying Claimant's petitions to review compensation

benefits under the Workers' Compensation Act (Act).[1] Claimant also seeks review

of the Board's denial of her motion to vacate her 2003 Independent Rating

Evaluation (IRE).  We affirm.


            On August 7, 2000, Claimant suffered work-related injuries after

being assaulted by a patient at the healthcare facility where she was employed.

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

She received compensation benefits as a result of her injuries, which were listed in an August 15, 2002 Notice of Compensation Payable (NCP) as a contusion/herniation and fractures in her nose, face, head, and neck. (Reproduced Record (R.R.) at 3a.) On April 28, 2003, Claimant underwent an IRE by Dr. Barry Schnall, M.D. Using the Fifth Edition of the American Medical Association (AMA) Guides, Dr. Schnall assigned Claimant a 21 percent impairment rating, and the Department of Labor and Industry Bureau of Workers' Compensation sent Claimant a Notice of Change of Workers' Compensation Disability Status (Notice) on May 5, 2003. (R.R. at 9-10a.) Subsequently, Claimant received partial disability benefits for 500 weeks.

On August 28, 2012, Claimant filed a petition for review seeking to amend her NCP to include additional injuries, including injuries to Claimant's shoulders. (R.R. at 19-21a.) On the same day, she filed an additional petition, alleging that Dr. Schnall had failed to consider the full extent of Claimant's injuries. (R.R. at 22-24a.)

Several hearings were held before a WCJ, where Claimant presented testimony from her treating physician, Dr. Bruce Menkowitz, about her injuries and treatment following the assault. Claimant underwent an independent medical evaluation (IME) on December 17, 2012 with Dr. Richard Schmidt. Following the IME, Dr. Schmidt testified before the WCJ that Claimant's shoulder injuries were not work-related. On August 8, 2014, the WCJ issued a decision denying both of Claimant's petitions, finding that Dr. Schmidt's testimony was more credible than Dr. Menkowitz's testimony and that Claimant had failed to establish that the NCP

2

was incorrect, that she sustained work injuries other than those listed in the NCP, and that she had a work-related impairment rating equal to or greater than 50%. (R.R. at 25a.) On August 26, 2014, Claimant appealed to the Board, arguing that the WCJ's conclusions of law were in error and that the WCJ's findings of fact were not supported by substantial evidence. On October 15, 2015, while the appeal was pending, Claimant filed with the Board a motion to vacate the 2003 IRE in light of our decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *appeal granted by* 133 A.3d 733 (Pa. 2016). (R.R. at 39a.)

On January 22, 2016, the Board adopted the WCJ's findings of fact and conclusions of law and affirmed the WCJ's decision, denying Claimant's petitions for review and her motion to vacate. (R.R. at 41-55a.) The Board found that the factual findings of the WCJ were supported by substantial evidence and the WCJ's credibility determination was reasoned. Additionally, the Board found that under *Johnson v. Workers' Compensation Appeal Board (Sealy Components Group)*, 982 A.2d 1253 (Pa. Cmwlth. 2009), Claimant could no longer challenge the 2003 IRE determination because she had failed to do so within the necessary 60-day period set forth in section 306(a.2)(2) of the Act and did not present evidence of a new impairment rating of more than 50 percent.[2] Claimant also

---

[2] Act of June 2, 2015, P.L 736, *as amended*, 77 P.S. §511.2, added by the Act of June 24, 1996, P.L. 350. Section 306(a.2)(2) provides as follows:

> If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the

**(Footnote continued on next page…)**

failed to challenge the constitutionality of the IRE until her October 15, 2015 motion to vacate. As a result, the Board found that Claimant was precluded from raising those issues before the Board. (R.R. at 53-54a.)

Claimant now appeals to this court.[3] Claimant argues (1) that the WCJ's decision to reject Dr. Menkowitz's testimony regarding Claimant's shoulders was unsupported by accurate, objective reasoning; and (2) that the Board erred when it determined that the physician properly evaluated Claimant's level of impairment using the Fifth Edition of the AMA Guides in light of this court's decision in *Protz*.

First, we address whether the WCJ erred in rejecting Dr. Menkowitz's opinion that Claimant suffered bilateral shoulder injuries in addition to her accepted cervical injury. In its opinion, the Board agreed with the WCJ that Dr. Menkowitz's testimony did not satisfy Claimant's burden of establishing the existence of additional compensable injuries. (R.R. at 51-52a.) In support of this

---

**(continued…)**

> employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, that no reduction shall be made until sixty days' notice of modification is given.

[3] Our review is limited to determining whether the Board's Order violated a claimant's constitutional rights, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

determination, the WCJ pointed to evidence of arthritis in Claimant's shoulders that predated the work injury, the lack of documentation of a shoulder injury in Claimant's original hospital record, and magnetic resonance imaging undertaken in the years following the work-related injury. (R.R. at 33a.) In addition, the WCJ found the testimony of Dr. Schmidt to be more credible than the testimony of Dr. Menkowitz based on the WCJ's review of the full evidentiary record. As a result, the WCJ determined that Claimant's shoulder injuries were not work-related and that the NCP was not materially incorrect. (R.R. at 34a.)

We find that the WCJ's determination was supported by substantial evidence. "The WCJ is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight." *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003). Section 422 of the Act requires that a WCJ make a "reasoned" decision based upon the evidence in the record. 77 P.S. § 834. A decision is reasoned under the Act if the WCJ articulates reasons for accepting or rejecting the evidence in the record. *Daniels*, 828 A.2d at 1043. Claimant has the burden of establishing the existence of additional compensable injuries that would give rise to a modification. *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577, 582 (Pa. 2009). "Appellate review [of WCJ conclusions] must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action." *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 421 A.2d 1060, 1062-63 (Pa. 1980). Here, we find rational support in the record for the WCJ's conclusions. The WCJ, in his fact-finding capacity, chose to accept the testimony of Dr. Schmidt over the testimony of Dr. Menkowitz

5

after fully analyzing the record. Accordingly, we reject Claimant's argument that the WCJ erred in failing to expand Claimant's work injury.

Next, we agree with the Board that our September 18, 2015 *en banc* opinion in *Protz* does not invalidate Claimant's 2003 IRE rating.[4] In *Protz*, the claimant, after undergoing an IRE, was issued a 10% impairment rating under the Sixth Edition of the AMA Guides and her employer filed a modification petition seeking to convert her benefits from total to partial. *Id.* Following the grant of the modification petition by the WCJ, the claimant in *Protz* appealed to the Board, asserting that section 306(a.2)(2) of the Act, 77 P.S. § 511.2(2), which specifies that the "most recent edition" of the AMA Guides would be used in preparing impairment evaluations, was an unconstitutional delegation of legislative authority under Article II, Section 1, of the Pennsylvania Constitution. Although the statute was passed when the Fourth Edition of the AMA Guides was the most recent, the *Protz* claimant was evaluated under the later Sixth Edition. The claimant argued that the statute as constructed gave the AMA, not the legislature, the authority to establish criteria under which a claimant's benefits are adjusted. *Protz*, 124 A.3d at 410-11. This Court found that the statute "proactively approved versions of the AMA Guides beyond the Fourth Edition without review" in violation of Article II, Section 1, of the Pennsylvania Constitution and vacated the Board's decision with instructions to remand to the WCJ to apply the Fourth Edition of the AMA Guides. *Id.* at 416.

---

[4] The Pennsylvania Supreme Court granted a Petition for Allowance of Appeal of this Court's decision in *Protz* on March 22, 2016. *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 133 A.3d 733 (Pa. 2016).

This case is not controlled by our holding in *Protz*. In this case, Claimant was evaluated by Dr. Schnall using the Fifth Edition of the AMA Guides rather than the Fourth Edition as required under our rule in *Protz*. In *Protz*, however, the claimant appealed the IRE within 60 days of the Notice. In this case, it took Claimant nearly ten years after Notice to challenge the use of the Fifth Edition of the AMA Guides in the 2003 IRE. Claimants have 60 days under section 306(a.2)(2) of the Act to appeal a reduction in disability benefits following a Notice prior to the reduction becoming final. 77 P.S. § 511.2(2); *see Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.),* 987 A.2d 1280, 1288 (Pa. Cmwlth. 2010). Here, Claimant did not appeal within that time period, thereby waiving the right to challenge the 2003 IRE determination.[5]

In *Johnson,* we addressed waiver of an IRE challenge when the determination went uncontested past the initial 60 days. In *Johnson*, the claimant filed a petition challenging the IRE on the basis of the physician's qualifications more than 60 days following receipt of a Notice. *Johnson*, 982 A.2d at 1254. After a hearing, the WCJ dismissed the claimant's petition, determining that the physician was qualified. *Id.* at 1255-56. The Board affirmed the WCJ's determination. *Id.* at 1256. The claimant had asserted that her constitutional due process rights were violated. *Id.* In that case, we found that because the claimant did not file her petition to review the IRE until nearly one year after she was

---

[5] We note that claimants may also challenge an IRE during the 500 week statutory benefit period by showing a revised impairment rating of equal or greater than 50 percent. Section 306(a.2)(4) of the Act, 77 P.S. § 511.2(4). In this case, Claimant failed to mount such a challenge, and did not present any evidence of a new impairment rating of at least 50 percent.

7

provided with the Notice, she waived her right to appeal pursuant to section 306(a.2)(2) of the Act, 77 P.S. § 511.2. *Id.* at 1260.

Prior to *Protz* in *Wingrove v. Workers' Compensation Appeal Board (Allegheny Energy)*, 83 A.3d 270, 276 (Pa. Cmwlth. 2014), we determined that a claimant was barred from challenging an IRE made using a subsequent edition of the AMA Guides when he failed to challenge his IRE within the statutory period and did not present evidence that his impairment was equal to or greater than 50 percent. And, in *Ruse v. Workers' Compensation Appeal Board (Valley Medical Facilities Sewickley)* (Pa. Cmwlth. No. 952 C.D. 2014, filed Jan. 13, 2016), we remanded an IRE determination made using the Fifth and Sixth Editions of the AMA Guides when the claimant preserved the right to appeal the validity of the IRE by challenging it within the sixty day period. In this case, Claimant did not preserve that right because Claimant did not challenge within the 60-day period and has not put forth evidence of impairment equal to or exceeding fifty percent.

Section 306(a.2)(2) of the Act provides claimants with 60 days to challenge determinations made in an IRE. 77 P.S. § 511.2(2). In *Johnson*, we determined that claimant's failure to challenge within the 60-day time period was critical. *Johnson*, 982 A.2d at 1257-58. Here, Claimant underwent an IRE in 2003, and that determination went unchallenged by Claimant until we handed down our decision in *Protz*. But *Protz* does not give Claimant a second chance to appeal her 2003 IRE. Claimant failed to raise her claim within the parameters of section 306(a.2)(2) of the Act, 77 P.S. § 511.2(2).

8

Accordingly, we affirm the Board.


_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Riley,                          :
               Petitioner             :
                                      :
        v.                            :   No. 238 C.D. 2016
                                      :
Workers' Compensation Appeal          :
Board (Commonwealth of                :
Pennsylvania),                        :
               Respondent             :


O R D E R


AND NOW, this 8th day of December, 2016, the order of the Workers' Compensation Appeal Board is affirmed.


_____
JULIA K. HEARTHWAY, Judge