# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Moore, :
                    Petitioner :
 :
          v. : No. 715 C.D. 2017
 : Submitted: March 7, 2018
Workers' Compensation Appeal :
Board (Sunoco, Inc. (R&M)), :
             Respondent :

BEFORE:    **HONORABLE MARY HANNAH LEAVITT,** President Judge
                **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE ROBERT SIMPSON,** Judge
                **HONORABLE P. KEVIN BROBSON,** Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                **HONORABLE ELLEN CEISLER,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: June 6, 2018**

Steven Moore (Claimant) seeks review of an Order of the Workers' Compensation Appeal Board (Board), which reversed a Decision and Order of a Workers' Compensation Judge (WCJ), granting his Petition to Reinstate Workers' Compensation Benefits. Claimant was one of many claimants who had his disability status changed from total to partial disability[1] following an impairment rating

---

[1] The effect of the change in status does not alter the rate of compensation. Instead, it caps the receipt of partial disability benefits to 500 weeks.

evaluation (IRE) performed pursuant to Section 306(a.2) of the Workers' Compensation Act[2] (WC Act). Claimant's IRE was performed using the Fifth Edition of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*), which this Court held in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 417 (Pa. Cmwlth. 2015) (*Protz I*), was invalid because Section 306(a.2) of the WC Act was an unconstitutional delegation of legislative powers "insofar as it purport[ed] to adopt a new version of the . . . *Guides*" without legislative review or oversight. Shortly thereafter, Claimant sought reinstatement to total disability, which the WCJ granted. The Board reversed, causing Claimant to file the instant Petition for Review with this Court. Just two weeks after Claimant filed his Petition for Review, the Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), which struck the entirety of Section 306(a.2) from the WC Act as unconstitutional. Claimant and his employer, Sunoco, Inc. (R&M) (Employer), disagree as to whether Claimant is entitled to reinstatement to total disability status based upon either *Protz I* or *Protz II* when Claimant's IRE was performed more than a decade ago and went unchallenged until now. As this matter is controlled by our recent decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, __ A.3d __, (Pa. Cmwlth., No. 608 C.D. 2017, filed June 6, 2018) (en banc),[3] we vacate the Board's Order and remand for further proceedings before the WCJ.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2.

[3] This matter was scheduled to be argued seriately with *Whitfield*, but was submitted on briefs at the request of the parties.

The parties agree that the facts underlying this case are not in dispute. On April 21, 2005, Claimant suffered a work injury described as a "right elbow displaced fracture radial head" after falling off a ladder at work. Employer issued a Notice of Temporary Compensation Payable. On July 31, 2007, Claimant underwent an IRE performed by William C. Murphy, D.O. Utilizing the Fifth Edition of the *Guides*, Dr. Murphy concluded Claimant had a whole body impairment rating of 32 percent.[4] Based upon that IRE, Employer issued a Notice of Change of Workers' Compensation Disability Status on September 24, 2007. Claimant's disability status was changed from total to partial disability effective April 21, 2007.[5] Claimant did not seek to challenge the change in disability status at that time.

On October 5, 2015, two weeks after *Protz I*, Claimant filed a Petition to Reinstate benefits. In the Petition, he alleged he underwent an IRE using the Fifth Edition of the *Guides*, which was "void as it was done pursuant to an [u]nconstitutional portion" of the WC Act. (Reproduced Record (R.R.) at 1a.) Claimant requested an order "clarifying that . . . his disability status remains that of [t]otal [d]isability and that the status never changed despite the Notice of Change in Disability Status." (*Id.*) Claimant requested the reinstatement take effect April 21, 2007. He also requested reimbursement of reasonable litigation costs and unreasonable contest attorney's fees.

---

[4] Under Section 306(a.2)(2), a claimant with an impairment rating less than 50 percent was considered partially disabled, whereas a claimant with an impairment rating of 50 percent or more was presumed to be totally disabled. 77 P.S. § 511.2(2).

[5] April 21, 2007 was the date Claimant reached a total of 104 weeks of total disability. Under Section 306(a.2)(1), a claimant who received 104 weeks of total disability compensation was required to submit to an IRE, if requested by the employer within 60 days of the expiration of the 104 weeks. 77 P.S. § 511.2(1).

Employer filed an Answer on October 7, 2015, arguing Claimant "waived any argument that the IRE that has been performed is invalid" because he failed to challenge the change in status within 60 days. (*Id.* at 4a.)

The matter was assigned to a WCJ. A hearing was held on November 10, 2015. The WCJ heard argument, but no testimony was presented. Employer introduced the Notice of Temporary Compensation Payable and Notice of Change in Disability Status. Those items were subsequently resubmitted as exhibits by Claimant, along with a letter from Employer's counsel confirming a stipulation that the Fifth Edition of the *Guides* was used, a fee agreement, the IRE face sheet and report of Dr. Murphy, and a copy of litigation costs.

Based upon the evidence and arguments presented, the WCJ "determined that the purpose of [*Protz I*] was a determination to ensure that constitutional rights are not violated." (WCJ Decision, Finding of Fact ¶ 10.) Thus, he was "constrained from denying" the reinstatement petition. (*Id.*) The WCJ concluded Claimant satisfied his burden of proof that the change in disability status on April 21, 2007, was unconstitutional pursuant to *Protz I* and granted the reinstatement petition. The WCJ concluded Employer's contest was reasonable.

Employer appealed to the Board, arguing under *Winchilla v. Workers' Compensation Appeal Board (Nexstar Broadcasting)*, 126 A.3d 364 (Pa. Cmwlth. 2015),[6] "a challenge to an IRE [d]etermination must be both timely and properly plead[ed;] otherwise, it is waived." (R.R. at 42a.) Because the Claimant did not challenge the 2007 IRE until 2015, Employer argued the issue was waived as a matter of law.

---

[6] *Winchilla* was argued seriately with *Protz I*.

4

The Board, in a 4-3 split decision, reversed. Relying on this Court's decision in *Riley v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 154 A.3d 396 (Pa. Cmwlth. 2016), the majority found Claimant did not challenge the constitutionality of the IRE within 60 days after the Notice of Change in Disability Status was issued. (Board Opinion (Op.) at 3.) The majority also found Claimant did not present evidence of a new impairment rating of at least 50 percent, which would entitle him to relief under Section 306(a.2)(4) of the WC Act, 77 P.S. § 511.2(4).[7] (*Id.* at 3-4.) Accordingly, the Board reversed.

Three members of the Board dissented, finding *Riley* was distinguishable because the claimant there sought to challenge the IRE more than 500 weeks after the change in disability status, whereas Claimant here filed his petition within the 500-week period of temporary partial disability. (Board Dissenting Op. at 1.) As a result, the dissent would have found Claimant's case was not final and retroactively applied *Protz I*, finding it satisfied the three criteria for retroactivity in *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991). (*Id.* at 2.) The dissent concluded the first criterion – the purpose to be served by the new rule – was satisfied because retroactive application of *Protz I* would "serve[] the important purpose of mandating conformity with the constitution, as the [C]ourt has declared the

---

[7] Section 306(a.2)(4) provided:

An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; [p]rovided, [t]hat there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the . . . *Guides*. . . .

77 P.S. § 511.2(4).

delegation of legislative authority in authorizing the use of the [Fifth[8]] Edition of the AMA Guides unconstitutional." (*Id.*) The second criterion – the extent of reliance on the old rule – was met because "the IRE process is inherently not a final process, and remains an open case for 500 weeks past the time that a claimant's disability status is changed," meaning an employer "never had full reliance" on the old rule. (*Id.* at 2-3.) Finally, the third criterion – the effect on the administration of justice by retroactive application of the new rule – was satisfied because retroactive application of *Protz I* would have limited effect if it was applied to cases where the 500-week period had not yet expired. (*Id.* at 3.) The dissent stated "there would be a more adverse effect on the administration of justice if *Protz* [*I*] was not retroactively applied to these cases" because claimants would be left without a remedy. (*Id.*)

On June 6, 2017, Claimant filed the instant Petition for Review. On appeal,[9] Claimant argues that the Supreme Court's decision in *Protz II* rendered **any** IRE performed as void *ab initio*.[10] Claimant cites to this Court's recent decision in *Thompson v. Workers' Compensation Appeal Board (Exelon Corporation)*, 168

---

[8] The dissent incorrectly states the Sixth Edition of the *Guides* was used, instead of the Fifth Edition.

[9] This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

[10] Claimant also asks this Court to apply *Protz II* retroactively to **all** cases wherein reinstatement is sought within the 500-week period of partial disability. Employer advocates against such broad, sweeping declarations. We agree and decline to decide what effect, if any, *Protz II* has on a claimant whose IRE was performed using the Fourth Edition of the *Guides*, as those are not the facts before us. As for whether a claimant can seek reinstatement or modification after the 500-week period, in *Whitfield* we held that they may, provided the petition is filed within three years of the date of most recent payment of compensation. *Whitfield*, __ A.3d at __, slip op. at 2.

6

A.3d 408 (Pa. Cmwlth. 2017), which is one of this Court's few post-*Protz II* decisions, for the proposition that all IREs are void as a result of *Protz II*. Claimant argues he and other claimants would be prejudiced if the IRE was left to stand because they would be without any remedy as the remedies provided to claimants were contained in Section 306(a.2), which has been declared unconstitutional in its entirety. Claimant also argues that claims are not final within the 500-week period of partial disability and that claimants have an additional three years from the date of last payment of compensation to seek reinstatement or modification pursuant to Section 413(a) of the WC Act, 77 P.S. § 772.[11] Claimant further argues that the criteria for retroactivity set forth in *Blackwell* are satisfied, reiterating what the Board dissent found. In addition, Claimant distinguishes *Riley*, relied upon by the Board, on the ground it relied upon another subsection of Section 306(a.2), which has since been stricken as unconstitutional, and *Winchilla*, cited by Employer, on the

---

[11] Section 413(a) provides:

A workers' compensation judge designated by the department may, at any time, **modify, reinstate**, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, **upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased**, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, [t]hat . . . no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department **within three years after the date of the most recent payment of compensation** made prior to the filing of such petition.

77 P.S. § 772 (emphasis added).

ground that waiver was found there because the issue was not properly pleaded to our Court, whereas here the issue was.

Employer argues this matter is indistinguishable from *Gillespie v. Workers' Compensation Appeal Board (Aker Philadelphia Shipyard)* (Pa. Cmwlth., No. 1633 C.D. 2016, filed May 17, 2017),[12] wherein this Court held that claimants had only 60 days to challenge an IRE under Section 306(a.2)(2) and *Protz I* did "not give [claimants] a second chance to appeal [an] IRE."[13] *Gillespie*, slip op. at 7. Employer stresses that for years, the IRE in the instant action went unchallenged and Claimant cannot seek to relitigate it at this point. Employer argues that unlike *Thompson*, there was no litigation pending at the time *Protz I* was issued. Employer also points out that, by the time *Protz II* was issued, Claimant had already exhausted his 500 weeks of temporary partial disability benefits.[14]

As explained in *Whitfield*, __ A.3d at __, slip op. at 18-19, 27 n.23, reliance on any of this Court's decisions pre-*Protz II,* such as *Riley*, for the proposition that claimants must challenge an IRE within 60 days or present evidence of an impairment rating of at least 50 percent within 500 weeks, is undermined since those time periods were found in Section 306(a.2), which is now unconstitutional in its entirety. Therefore, in accordance with *Whitfield*, __ A.3d at __, slip op. at 20-21,

---

[12] Employer cites *Gillespie* for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), which provides that an unreported panel decision issued after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

[13] In January 2018, after *Protz II* was decided, the Supreme Court granted the claimant's petition for allowance of appeal in *Gillespie*, vacated our order, and remanded the matter to this Court for a determination of whether *Protz II* applies retroactively, thereby rendering the claimant's IRE void *ab initio*. *Gillespie v. Workers' Comp. Appeal Bd. (Aker Phila. Shipyard)*, 179 A.3d 451 (Pa. 2018).

[14] Although Claimant's indemnity benefits have ended, Claimant continues to receive medical benefits.

we conclude Claimant's challenge is not untimely, as he had three years following the date of the most recent payment of compensation to file a petition seeking to reinstate benefits. Accordingly, the Board erred in finding Claimant waived his ability to seek reinstatement.

However, in order to be entitled to reinstatement of total disability benefits when the change in status was based upon a now-unconstitutional IRE, Claimant must demonstrate that he continues to be disabled. *Whitfield*, __ A.3d at __, slip op. at 24-27. Claimant can satisfy this burden through his own testimony without the need for medical evidence. *Whitfield*, __ A.3d at __, slip op. at 25 (citing *Latta v. Workmen's Comp. Appeal Bd. (Latrobe Die Casting Co.)*, 642 A.3d 1083, 1085 (Pa. 1994)). The burden then would shift to Employer to prove the contrary. *Id.* If no evidence to the contrary is set forth, and the WCJ credits Claimant's testimony, reinstatement is warranted. *Id.* Here, no such evidence was presented, as the parties relied solely upon legal arguments. Accordingly, we remand this matter to the Board with direction to further remand to the WCJ to make factual findings related to whether Claimant's work-related injury continues.

_____

**RENÉE COHN JUBELIRER,** Judge

Judge Covey dissents.

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Moore,                           :
                        Petitioner       :
                                         :
            v.                           :     No. 715 C.D. 2017
                                         :
Workers' Compensation Appeal            :
Board (Sunoco, Inc. (R&M)),             :
                        Respondent       :

# **O R D E R**

    **NOW**, June 6, 2018, the Order of the Workers' Compensation Appeal Board dated May 11, 2017, is **VACATED,** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

    Jurisdiction relinquished.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge