Susan Riley,               :
            Petitioner     :
                      :
            v.            :
                      :
Workers' Compensation Appeal Board  :
(Commonwealth of Pennsylvania),  :   No. 675 C.D. 2019
           Respondent   :   Argued: June 9, 2021

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE J. ANDREW CROMPTON, Judge

OPINION BY
JUDGE COVEY                        FILED: August 5, 2021

Susan Riley (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 6, 2019 order reversing the Workers' Compensation Judge's (WCJ) decision that granted Claimant's Petition to Modify WC Benefits, Petition to Reinstate WC Benefits, and Petition to Review WC Benefits (Review Petition) (collectively, Petitions). Essentially, Claimant presents one issue for this Court's review: whether Claimant is entitled to reinstatement of benefits pursuant to *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). After review, this Court affirms.

On April 28, 2003, Claimant underwent an impairment rating evaluation (IRE) provided for in Section 306(a.2) of the WC Act (Act),[1] which resulted in an

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714, effective immediately. Section 306(a.2) of the Act provided that a claimant who reached maximum medical

impairment rating of less than 50%. Specifically, Claimant's impairment rating was 21% under the fifth edition of the American Medical Association (AMA) *Guides to the Evaluation of Permanent Impairment* (Guides). *See* Reproduced Record at 102a, 106a. Consequently, Claimant's disability status changed from total to partial, effective April 28, 2003, pursuant to a Notice of Change of WC Disability Status (Notice of Change) dated May 5, 2003. On August 28, 2012, Claimant filed the Review Petition alleging that the Notice of Change was invalid because Claimant had not reached maximum medical improvement. The WCJ denied Claimant's Review Petition, and the Board affirmed. In its opinion, the Board noted that, on October 15, 2015, Claimant filed a Motion to Vacate the IRE based on its unconstitutionality pursuant to *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, *Protz II*.[2] The Board denied Claimant's Motion to Vacate. On appeal, this Court affirmed the Board's decision and held that *Protz I* did not apply because Claimant did not appeal from the IRE within 60 days of the Notice of Change as required by Section 306(a.2)(2) of the Act. *See Riley v. Workers' Comp. Appeal Bd. (Commonwealth of Pa.)*, 154 A.3d 396 (Pa. Cmwlth. 2016). Claimant did not seek permission to appeal from this Court's decision.

On June 20, 2017, the Pennsylvania Supreme Court decided *Protz II*.[3] On July 10, 2017, Claimant filed the instant Petitions alleging that her total disability benefits should be reinstated as of her April 28, 2003 IRE date, based on *Protz II*. The Commonwealth of Pennsylvania (Employer) asserts that Claimant's Petitions are time barred because they were filed more than three years after Claimant's last WC

---

improvement and has an impairment due to the work injury of less than 50% under the most recent edition of the American Medical Association *Guides to the Evaluation of Permanent Impairment*, shall receive partial disability benefits for 500 weeks. *See former* 77 P.S. § 511.2(2).

[2] The *Protz I* Court determined that Section 306(a.2) of the Act was unconstitutional in part.

[3] The *Protz II* Court struck Section 306(a.2) of the Act in its entirety because the offending language could not be severed from the rest of the Act.

payment. The parties stipulated that Claimant received her last WC payment on November 25, 2012, when her 500 weeks of partial disability benefits expired. The WCJ found that Claimant challenged her IRE when she filed her Motion to Vacate on October 15, 2015. Because the Motion to Vacate was filed within three years of the date of Claimant's last WC payment, i.e., November 25, 2012, the WCJ found Claimant's Petitions were timely filed and reinstated Claimant's total disability benefits as of April 28, 2003. Employer appealed to the Board. On May 6, 2019, the Board reversed the WCJ's decision. Claimant appealed to this Court.[4]

Claimant declares that in *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), the Pennsylvania Supreme Court applied *Protz II* to cases currently pending on direct appeal in which the constitutional challenge to the IRE had been properly raised and preserved. However, Claimant emphasizes that the *Dana Holding* Court further held that equitable balancing may warrant application of *Protz II* to other situations. Claimant argues that she was injured on August 7, 2000, and remains disabled to the present day, yet, because of an IRE that was later determined to be unconstitutional, she no longer receives WC benefits. Claimant asserts that she is the type of person for whom lifetime benefits were designed, and she lost that protection because the General Assembly enacted unconstitutional legislation. Claimant posits that she has repeatedly sought reinstatement of benefits and, if the equities do not favor her, then they do not favor the entire class of workers for whom the Act was intended to provide lifelong benefits.

---

[4] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

3

Employer rejoins that the portion of *Dana Holding* that Claimant relies upon is *dicta*, and Section 413(a) of the Act, 77 P.S. § 772, is absolute. Employer maintains that because Section 413(a) of the Act is a statute of repose, Claimant's claims have long since expired. Employer asserts that Claimant's right to receive WC benefits cannot be revived since she abandoned her prior cause of action when she did not appeal and failed to pursue WC benefits thereafter.

Preliminarily, this Court acknowledges that Claimant had, in fact, challenged her IRE on constitutional grounds within three years of her last WC payment, and this Court ruled that, because Claimant did not file that challenge within 60 days of her IRE, it was untimely pursuant to former Section 306(a.2)(2) of the Act. *See Riley*. Claimant did not seek permission to appeal from this Court's decision. However, because the *Protz II* Court struck Section 306(a.2) of the Act in its entirety, the 60-day requirement is no longer effective.

This Court has explained:

> [P]ost-*Protz II*, those statutory time requirements [are] no longer valid[. Although] we allowed [the] claimant [in *Thompson v. Workers' Compensation Appeal Board (Exelon Corp*[.]*)*, 168 A.3d 408 (Pa. Cmwlth. 2017),] to raise the constitutionality of the IRE for the first time outside of those time periods, [it was] **while the litigation involving the change in status was still pending**.

*Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 611 (Pa. Cmwlth. 2018) (emphasis added).[5] Given that this Court's decision in *Riley* was issued before *Protz II* was decided, and Riley did not seek

---

[5] During oral argument, Claimant's counsel argued that *Whitfield* was wrongly decided. However, this Court has already "reject[ed] Claimant's [] argument that *Whitfield* was wrongly decided and should be overturned." *Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 996 (Pa. Cmwlth. 2020).

permissive appeal from this Court's decision, it does not affect this Court's determination herein.

> Our order in [*Riley*] was final and appealable. *See* Pa.R.A.P. 1112(b). . . . [Claimant] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court pursuant to [Pennsylvania Rule of Appellate Procedure] 1112. Having failed to exercise h[er] right to appeal, [Claimant] is now precluded from challenging the propriety of the Court's [O]rder now. Thus, [Claimant] cannot revive h[er] lapsed rights in this separate action.

*Hill v. Dep't of Corr.*, 64 A.3d 1159, 1166 (Pa. Cmwlth. 2013) (citation omitted).

This Court is also mindful of the fact that Section 306(a.2) of the Act was declared unconstitutional because the General Assembly unlawfully delegated to the AMA the legislative authority regarding the methodology to be used in grading impairments, but failed to provide any intelligible standards to do so. *See Protz I*. Specifically, the Pennsylvania Supreme Court determined that "the non-delegation doctrine prohibits the General Assembly from incorporating, sight unseen, subsequent modifications to such standards without also providing adequate criteria to guide and restrain the exercise of the delegated authority." *Protz II*, 161 A.3d at 838-39. Accordingly, the fact that Claimant's IRE was deemed constitutionally invalid does not suggest that she is any more or less disabled nor does she assert the same.

To support her position, Claimant expressly relies on *Dana Holding*, wherein our Supreme Court held:

> [O]ur present decision stands for the principle that the general rule in Pennsylvania will be that, at least where prior judicial precedent isn't overruled, a holding of [the Pennsylvania Supreme] Court that a statute is unconstitutional will generally be applied to cases pending on direct appeal in which the constitutional challenge has been raised and preserved. **At the present point in time**, **however, the [Supreme] Court is not of a mind to**

5

**exclude the possibility of equitable balancing in extraordinary cases**, **particularly since no party [in] this appeal has advocated any such position**.

*Id*. at 648-49 (emphasis added). Here, Claimant is advocating that position. However, Claimant does not present any standard upon which this Court can apply such "equitable balancing." *Id*. Rather, Claimant is asking this Court to ignore Section 413(a) of the Act, and create a remedy for which there is no statutory basis.

Employer rests its argument on Section 413(a) of the Act, which provides, in relevant part:

> A [WCJ] . . . may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the [D]epartment [of Labor and Industry (Department)] or its [WCJ], upon petition filed by either party with the [D]epartment, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That, except in the case of eye injuries, **no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the [D]epartment within three years after the date of the most recent payment of compensation made prior to the filing of such petition**.

77 P.S. § 772 (emphasis added).

> This Court has explained:
>
> In *Cozzone ex rel. Cozzone v. Workers' Compensation Appeal Board (PA Municipal/East Goshen Township)*, . . . 73 A.3d 526 ([Pa.] 2013), our Supreme Court held that **the [] time bar in Section 413(a) [of the Act] operates as a statute of repose**. Accordingly, **once three years have passed since "the most recent payment of compensation"**

6

> **the claimant's right to [WC] benefits is extinguished**. *Id.*
> at 536; *see also Sloane v. Workers' Comp[.] Appeal [Bd.] (Children's Hosp[.] of Phila[.])*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015) (holding that because **Section 413(a) of the Act acts as a statute of repose**, a claimant whose benefits were suspended may seek reinstatement of total disability payments within three years of the last payment of benefits or the maximum 500 weeks allowed for partial disability, whichever is later).

*Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 994 (Pa. Cmwlth. 2020) (emphasis added).

The *Weidenhammer* Court specifically held: "[T]he ruling in *Protz II* was not intended to be given a fully retroactive effect[] **without regard to the statute of repose in Section 413(a) of the Act**[.]" *Weidenhammer*, 232 A.3d at 994 (emphasis added). "Here, Claimant's statutory right to total disability compensation had been extinguished at the point in time that she filed her [] [P]etition[s]. To allow [C]laimant to resuscitate her right to disability compensation would violate Section 413(a) of the Act[.]" *Weidenhammer*, 232 A.3d at 994. Accordingly, *Protz II* does not apply to Claimant.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Riley,                                           :
                Petitioner                     :
                                     :
                v.                                    :
                                     :
Workers' Compensation Appeal Board      :
(Commonwealth of Pennsylvania),         :      No. 675 C.D. 2019
                Respondent                    :

## O R D E R

AND NOW, this 5th day of August, 2021, the Workers' Compensation Appeal Board's May 6, 2019 order is affirmed.

_____
ANNE E. COVEY, Judge