IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Carnevale,                                     :
                              Petitioner               :
                                                       :
          v.                                           :    Nos.  30 C.D. 2021
                                                       :          31 C.D. 2021
Commonwealth of Pennsylvania                          :    Submitted: June 10, 2022
(Workers' Compensation Appeal                         :
Board),                                                :
                              Respondent               :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                        FILED: September 22, 2022

        Joseph Carnevale (Claimant) has petitioned this Court to review the
adjudications of the Workers' Compensation Appeal Board (Board), affirming the
decisions of the Workers' Compensation Judge (WCJ).    The WCJ granted
Claimant's petition to reinstate temporary total workers' compensation (disability)
benefits as of the date Claimant filed his petition.[1]    The sole issue on appeal is
whether the Board erred in reinstating Claimant's temporary total disability status as
of the date of Claimant's filed reinstatement petition, February 13, 2017, instead of
the date of Claimant's Impairment Rating Evaluation (IRE) determination, August
2, 2011.  After careful consideration, we affirm.

---

[1] Claimant filed two petitions relevant to this appeal.  On February 13, 2017, Claimant filed
a petition to review and reinstate his benefits. Thereafter, on January 21, 2019, Claimant filed a
second petition to reinstate his benefits.  Although adjudicated together, the WCJ ultimately issued
two orders, and Claimant filed separate appeals.  This Court later consolidated these appeals.  *See*
Cmwlth. Ct. Order, 5/20/21.

## BACKGROUND

Claimant was employed as a resident service aide trainee for Selinsgrove State Hospital (Employer).[2] On September 13, 2006, Claimant sustained a work-related injury. By an October 18, 2006 agreement for compensation, Employer acknowledged the injury as a low back lumbar strain. Claimant received a temporary total disability rate of $372.50 on a weekly basis. By a December 9, 2009 decision, a WCJ expanded Claimant's injury to include "failed back syndrome with persistent radiculopathy, fibrosis secondary to surgery and herniated disks at L4-L5-S1." WCJ Decision, 2/10/20, Findings of Fact (F.F.) at 4.

Pursuant to former Section 306(a.2) of the Workers' Compensation Act (the Act), 77 P.S. § 511.2 (repealed),[3] a claimant had to adhere to certain protocols to maintain disability benefits. For example, upon the request of an employer or insurer after a statutory period of 104 weeks of paid benefits, a claimant had to submit to an IRE. 77 P.S. § 511.2(1) (repealed). An IRE is a physician-performed test to assess a claimant's disability status. Under former Section 306(a.2) of the Act, an IRE had to be performed under "the most recent edition" of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). 77 P.S. § 511.2(1) (repealed). The AMA has published six editions.[4] An IRE that showed an impairment rating of less than 50% automatically reduced a claimant's status from "total" to "partial" disability. 77 P.S. § 511.2(2) (repealed).

---

[2] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, entered February 10, 2020, which is supported by substantial evidence of record. *See* WCJ Decision, 2/10/20, Findings of Fact (F.F.) at 2-21.

[3] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, formerly 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714.

[4] *See Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 601, 605 (Pa. Cmwlth. 2018) (*en banc*) (referencing the fifth and sixth editions of the AMA Guides).

2

A change in disability status did not alter the amount of compensation received by a claimant but limited the receipt of benefits to 500 weeks. 77 P.S. § 511.2(4) (repealed).

On August 2, 2011, a physician performed Claimant's IRE applying the Sixth Edition of the AMA Guides. The physician found that Claimant was at maximum medical improvement, with a 24% whole body impairment rating. As Claimant's impairment rating was less than 50%, Employer filed a petition to modify benefits under former Section 306(a.2) of the Act. Claimant and Employer submitted a stipulation of facts agreeing to a modification of Claimant's disability status from "total" to "partial," effective as of the IRE determination date, August 2, 2011. On April 24, 2014, the WCJ adopted the agreement submitted by the parties. Further and of particular import here, neither Claimant nor Employer appealed this decision, and Claimant did not initially challenge the validity of this IRE determination.

Years later, the workers' compensation landscape began to change due to judicial and legislative changes. In September 2015, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *affirmed in part and reversed in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*). In *Protz I*, we held that Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively approved new versions of the AMA Guides without legislative review. This Court remanded the matter to the Board with instruction that an IRE must follow the Fourth Edition of the AMA Guides, which was in effect at the time of former Section 306(a.2)'s enactment. Both parties appealed to our Supreme Court.

Following *Protz I*, Claimant, like others, sought relief. On February 13, 2017, Claimant filed review and reinstatement petitions seeking reinstatement of his temporary "total" disability status that was modified to "partial" under the now unconstitutional application of the AMA's Sixth Edition of the Guides.

By June 14, 2017 order, the WCJ denied and dismissed Claimant's reinstatement and review petitions. The WCJ relied on *Riley v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania),* 154 A.3d 396 (Pa. Cmwlth. 2016), *abrogated by Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*), which held that a claimant failed to challenge the validity of an IRE where it did not show an impairment rating of 50% or greater within the 500-week statutory period. The WCJ acknowledged that while *Protz I* was still under review at the Supreme Court, *Riley* controlled.

Days after the WCJ's decision, our Supreme Court issued *Protz II*. The Court affirmed this Court on the unconstitutionality of former Section 306(a.2) and reversed it as to the remedy. *See Whitfield*. The *Protz II* Court struck "Section 306(a.2), in its entirety, from the Act[,]" because "the most recent edition" of the AMA Guides could not be severed therefrom. *Protz II*, 161 A.3d at 841.

Thereafter, this Court issued its decision in *Whitfield*, overturning *Riley*. We held that a claimant who files a reinstatement petition within the 500-week statutory period from an unconstitutional IRE determination is eligible for reinstatement where he can prove continued disability from the work-related injury. *Whitfield*, 188 A.3d at 617. A claimant may satisfy this burden by his own credible testimony, without presenting medical evidence. *Id*. at 615.

4

The Pennsylvania General Assembly responded to *Protz I* and *II* by passing Act 111,[5] to replace former Section 306(a.2) with new Section 306(a.3) of the Act, 77 P.S. § 511.3. Section 306(a.3)(1) maintained the requirement that a claimant submit to an IRE after 104 weeks of total disability benefits. 77 P.S. § 511.3(1). However, it also enacted new IRE standards. Namely, Section 306(a.3)(1) adopted the Sixth Edition of the AMA Guides as the sole basis to qualify a physician's IRE and lowered the total disability threshold from a 50% to 35% whole-body impairment rating. 77 P.S. § 511.3(1)-(2).

On January 21, 2019, Claimant filed a second reinstatement petition. By February 27, 2019 order, in light of *Protz II*, *Whitfield*, and Act 111, the Board vacated and remanded the WCJ's June 14, 2017 order which had denied Claimant's reinstatement and review petitions.

The WCJ held hearings. Claimant testified that he cannot return to his prior job due to his injury because although his condition has changed slightly, he has not improved or felt better since the September 13, 2006 injury. Notes of Testimony (N.T.), 9/9/19, at 15, 17. Claimant continues to treat with a pain management specialist, take pain medication, and implement lifestyle changes by limiting his daily activities, but "[n]othing seems to actually help." *Id.* at 15-16, 20, 31. His pain and pressure worsen throughout the day as he bends, sits, and stretches. *Id.* at 16, 25-26. He relies on his elderly father for housework, struggles to care for his own children, and is unable to physically pick-up his grandson. *Id.* at 28-29, 32-33. As a result of the inactivity caused by his work injury, Claimant has developed other medical problems and takes medication for "high blood pressure, cholesterol, and diabetes." *Id.* at 29. Both Claimant and Employer presented reports from their

---

[5] Act of October 24, 2018, P.L. 714, No. 111.

5

medical experts who respectively opined that Claimant had not fully recovered from his work injury and was unable to perform his pre-injury job.

The WCJ consolidated Claimant's petitions. By February 10, 2020 decision, the WCJ reinstated Claimant's benefits from partial to total disability as of February 13, 2017, the date Claimant filed his reinstatement petition. The WCJ found that Claimant's credible testimony of his continued disability satisfied his burden of reinstatement under *Whitfield*. Although the WCJ credited the reports from both medical experts that Claimant could perform light work with restrictions,[6] she did not find that this sufficiently supported a finding that Employer met its burden of rebuttal.

Despite prevailing on reinstatement of total disability status, Claimant objected to the date of reinstatement and appealed to the Board to consider this sole issue. The Board rejected Claimant's reliance on *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018) (*en banc*), *aff'd*, 232 A.3d 629 (Pa. 2020) (*Dana Holding*). Rather, the Board found this matter was more analogous to *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*), which held that absent a direct appeal on the validity of an IRE, disability status is reinstated as of the date the petition was filed. Claimant timely petitioned this Court for review.

---

[6] Specifically, Employer's medical expert found Claimant could perform *light- to medium-*duty work with restrictions. WCJ's Decision, 2/10/20, F.F. at 15.

6

## ISSUE

The sole issue on appeal is whether the Board erred in reinstating Claimant's temporary total disability benefits as of February 13, 2017, the date Claimant filed his reinstatement petition, instead of August 2, 2011, the date of Claimant's IRE.[7] Claimant argues the date of his IRE prevails.[8] We disagree.

## DISCUSSION[9]

This is not a case of first impression; rather Claimant, like many claimants, has raised identical arguments before this Court following the aftermath of *Protz I, Protz II* and Act 111. In *Whitfield*, we established a framework to assess these arguments. To prevail on a claim for reinstatement based on an unconstitutional IRE determination, a claimant must show that he continues to be disabled from the work-related injury, which may be demonstrated through his own testimony. *Whitfield*, 188 A.3d at 615, 617. The burden then shifts to the employer to prove the claimant has recovered from the work injury. *Id*. at 615. If the claimant's testimony is credited, and the employer does not present contrary

---

[7] Claimant also argues that the Board erred in modifying his benefits following a second IRE performed on February 4, 2020. *See* Claimant's Br. at 22-23. We decline to address this argument, at this time, as it is irrelevant to this appeal. Also pending before this Court is an appeal at No. 617 C.D. 2021, in which Claimant challenges the Board's decision to grant a modification petition filed by Employer on February 21, 2020. Upon review, it appears that Claimant's argument may be relevant to the appeal docketed at No. 617 C.D. 2021.

[8] Claimant presents several dates as the "IRE date." In his appeal to the Board, Claimant asserts the IRE date as "August 7, 2011." Claimant's Appeal, 2/11/20, at 2. In his brief to this Court, Claimant asserts the IRE date as September 24, 2013. Claimant's Br. at 21-22. Based on our thorough review of the record, including Claimant's review petition and decisions from the WCJ and Board, it appears that any contrary dates were clerical errors and that August 2, 2011, is the correct date of Claimant's IRE determination.

[9] In workers' compensation appeals, our review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

evidence, a claimant who files for reinstatement within three years from his last disability payment is entitled to reinstatement from the date his reinstatement petition is filed, not the date his disability status changed from total to partial.[10] *White*, 237 A.3d at 1231; *Whitfield*, 188 A.3d at 617.

A limited exception to this standard has been recognized in *Dana Holding*. Despite Claimant's arguments otherwise, such exception does not apply here. Claimant argues his total disability benefits should be reinstated as of the date of his IRE determination because his appeals were "still pending" during the adjudication of *Protz II*. We disagree.

Unlike Claimant, the claimant in *Dana Holding* initially appealed the validity of the IRE determination while the *Protz* decisions were pending. *Dana Holding*, 232 A.3d at 633. Our Supreme Court held that only in limited cases where a claimant actively litigated the validity of the IRE while *Protz w*as pending may a claimant be entitled to reinstatement as of the date of the IRE rather than the date of the filed reinstatement petition. *Id*. at 636. In *Dana Holding*, the claimant challenged the employer's modification petition following an IRE determination. Here, Claimant did not challenge the validity of the August 2, 2011 IRE until 2017, *after Protz I* was decided. In fact, Claimant entered an agreement with Employer to modify benefits from total to partial disability status following the IRE determination. Thus, Claimant chose not to appeal the initial IRE determination, and he agreed to the modification of benefits.

---

[10] Neither Claimant nor Employer allege that Claimant failed to meet his burden of reinstatement or that Employer satisfied its burden of rebuttal under *Whitfield*. Instead, Claimant specifically argues that the Board applied the wrong date to retroactively reinstate his temporary total disability benefits.

Instead, *White* is controlling here.[11] In *White*, the claimant did not appeal the initial modification of her benefits from total to partial disability. Rather, following the decision in *Protz I* that the prior IRE application had been unconstitutional, the claimant filed a reinstatement petition within the 500-week period of partial disability. *White*, 237 A.3d at 1227. We held that the claimant was entitled to reinstatement of total disability benefits as of the date the reinstatement petition was filed because the claimant "was not litigating the underlying IRE when *Protz II* (or for that matter *Protz I*) was issued." *Id*. at 1231.

Claimant's attempts to distinguish *Whitfield* and *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020), are also unfounded. We have soundly rejected identical arguments before this Court. Claimant was entitled to reinstatement of his temporary total disability status because his IRE determination was found unconstitutional under *Protz II* and he filed for reinstatement prior to expiration of the 500-week statutory period. Although Claimant was entitled to reinstatement of benefits, he is not entitled to reinstatement as of his IRE date because he did not challenge the validity of the IRE until after this Court issued its decision in *Protz I*. In such circumstances, we have continually held that reinstatement begins on the date the petition was filed.

We also reject Claimant's argument that he possessed a vested, statutory right to total disability benefits. This Court has continually held that claimants have "no vested right" to benefits and "no entitlement to reinstatement of [] total disability effective as of [the date of the] IRE." *Perillo v. Workers' Comp.*

---

[11] Claimant's counsel did not address *White* in his brief, despite the Board's express reliance on that precedent. *See* Bd.'s Op. & Order, 1/7/21, at 5-6. It is unclear whether this omission was due to an oversight or a lack of candor. *See Reading Area Water Auth. v. Unemployment Comp. Bd. of Rev.*, 137 A.3d 658, 663 n.9 (Pa. Cmwlth. 2016) (cautioning counsel to be thorough in his research and candid in his filings).

9

*Appeal Bd. (Extended Healthcare Servs., Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported), slip. op. at 5, 2021 WL 806976, at *3.[12]

Therefore, Claimant is entitled to reinstatement of total disability benefits as of the date the reinstatement petition was filed, not the date of the IRE. The Board correctly determined that Claimant's disability status should be reinstated from partial to total as of February 13, 2017.

## CONCLUSION

We reject Claimant's assertion that he is entitled to reinstatement of benefits as of the IRE date and conclude benefits were properly reinstated as of the date Claimant filed his reinstatement petition.  Accordingly, we affirm the Board's orders.

LORI A. DUMAS, Judge

---

[12] We may cite unreported decisions for their persuasive value under Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Carnevale,                          :
                           Petitioner      :
                                           :
        v.                                 :    Nos.  30 C.D. 2021
                                           :          31 C.D. 2021
Commonwealth of Pennsylvania               :
(Workers' Compensation Appeal              :
Board),                                    :
                           Respondent      :

## **O R D E R**

AND NOW, this 22nd day of September 2022, the orders of the Workers' Compensation Appeal Board, entered January 7, 2021, in the above-captioned matters are AFFIRMED.

_____
LORI A. DUMAS, Judge